IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **LETTY BROOKER** | |
| **Plaintiff,** | **CIVIL ACTION NO.** |
| vs. | **5:05-cv-350 (WDO)** |
| **WESTERN EXPRESS, INC.,** **CONTINENTAL CASUALTY COMPANY,** **and JOSEPH FLETCHER** | |
| **Defendant.** | |

## MOTION TO REMAND AND BRIEF IN SUPPORT

COMES NOW plaintiff Letty K. Brooker in the above captioned case, and files this her Motion to Remand this case to the Superior Court of Bibb County, Georgia, showing the Court the following:

### I. Introduction and Summary

This case was originally filed in The Superior Court of Bibb County, Georgia on August 15, 2005. Subsequently, defendants removed the case to this Court on September 23, 2005.

This case involves a collision caused by Defendant Joseph Fletcher, acting in the course and scope of his employment for Western Express, Inc. on September 22, 2003. At that time, Mr. Fletcher, while operating a tractor trailer for Western Express, ran a red light, causing Mrs. Brooker to wreck her vehicle and sustain personal injuries.

Because defendants cannot meet their burden to show the amount in controversy is met, this case should be remanded to the Superior Court of Bibb County, Georgia.

### II. Argument and Citation of Authority

The removing defendant bears the burden of proving the existence of federal jurisdiction. Tapscot v. M.S. Dealer Serv.Corp., 77 F.3d 1353, 1356 (11th Cir. 1996)(overruled on other grounds by Office Depot v. Cohen, 204 F.3d 1069 (11th Cir., 2000). In cases where the

Complaint alleges an unspecified amount of damages, defendants must prove by a preponderance of the evidence that the plaintiff's claims meet the minimal jurisdictional amount. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

Conclusory allegations in a Notice of Removal are insufficient to meet the defendant's burden of proof to show the amount in controversy exceeds the jurisdictional minimum Williams, supra, at1319-20;  Ransom v. Wal-Mart Stores, Inc., 920 F. Supp. 176, 178 (M.D. Ga. 1996) ("If the mere allegation that plaintiff was 'seriously injured' sufficed to establish the jurisdictional amount, then virtually every personal injury case could be removed to federal court.  The amount in controversy requirement would be rendered meaningless.").  Further, removal statutes are narrowly construed, and uncertainties are resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092 (11th Cir. 1994).  An unspecified claim for punitive damages does not suffice to support removal since such claims are premature on a petition for removal.  See Standridge v. Wal-Mart Stores, Inc., 945 F. Supp. 252, 256 ( N.D. Ga. 1996).

In this case, the plaintiff has submitted a Demand for settlement in the amount of $50,599.35 on November 2, 2004. (Exhibit A, attached hereto).   Further, Plaintiff's medical expenses total approximately $12,000.  These amounts are well below the jurisdictional minimum of $75,000.

In addition, as grounds for remanding this case, Plaintiff relies upon actual reported case information provided by the State Court of Bibb County, Georgia.  A review of six of the recent cases in which a verdict for Plaintiff was entered reveals that the ratio of the verdicts to the claimed medical bills and other claimed special damages was 1.51.  The summaries from the State Court of Bibb County of the six cases are attached hereto as exhibits B through G.  In this case, applying this ratio from actual cases tried in the State Court of Bibb County with Bibb County juries yields a potential verdict of $18,120 ($12,000 in medical bills x 1.51).  Even doubling, tripling, or quadrupling this amount yields no more than $72,480 ($18,120 x 4).

These cases are good indicators of the amounts actually awarded by juries in Bibb County, Georgia.[1]

Based upon the Demand for Settlement and the actual case information from Bibb County, Georgia, the amount in controversy is well below the $75,000 jurisdictional minimum. 28 U.S.C. § 1332.

Defendants have failed to support removal with any factual information, but instead have relied upon mere allegations regarding the amount in controversy. Because defendants have failed to specify any facts justifying the removal in this case, and plaintiffs have submitted evidence that demonstrates a potential verdict well below the jurisdictional minimal of $75,000.00, defendants cannot meet their burden of proof to show that the amount in controversy exceeds $75,000.00.

Wherefore, plaintiff prays that this her Motion to Remand be granted and that this case be remanded to the Superior Court of Bibb County, Georgia.

Respectfully submitted this 24th day of October, 2005.

                                      O'NEAL, BROWN & CLARK, P.C.
                                      BY:

                                       s/ Jarome E. Gautreaux_____

544 Mulberry St., Suite 1001    Jarome E. Gautreaux
Macon, Georgia 31202            State Bar No.: 297336
478/742-8981

                                      J. MICHAEL CRANFORD, SR.
                                      Attorney at Law

                                       s/ S. Michael Cranford, Sr.
913 Washington Avenue          J. Michael Cranford, Sr.
Macon, GA 31201                 State Bar No. 193315
478/746-0704

                                      **ATTORNEYS FOR PLAINTIFF**

---

[1] The verdicts from State Court rather than Superior Court are utilized because of the lack of data available from the Superior Court of Bibb County, Georgia. The date from the State Court of Bibb County comes from the Court's internet site, www. co.bibb.ga.us. It is used with permission from the Court.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **LETTY BROOKER**<br><br>     Plaintiff,<br><br>vs.<br><br>**WESTERN EXPRESS, INC.,**<br>**CONTINENTAL CASUALTY COMPANY,**<br>**and JOSEPH FLETCHER**<br><br>     Defendant. | **CIVIL ACTION NO.**<br><br>_____ |

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, I electronically filed the foregoing MOTION TO REMAND with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

> Mr. Steven D. Prelutsky.
> Hall, Booth, Smith & Slover
> 1180 W. Peachtree St., Ste. 900
> Atlanta, GA 30309
> 404/954-5000

Respectfully submitted,

 s/ Jarome E. Gautreaux
Jarome E. Gautreaux
State Bar No.: 297336
O'NEAL, BROWN & CLARK, P.C.
544 Mulberry Street, Suite 1001
Macon, Georgia 31201
Telephone:  478/742-8981
Fax:  478/743-5035
jeg@obclawfirm.com

> **I certify that the originally executed document contains the signatures of all filers indicated herein and therefore represents consent for filing of this document.**

4