## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| **LETTY BROOKER,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | 5:05-CV-350 (WDO) |
| | : | |
| **WESTERN EXPRESS, INC., et al.,** | : | |
| | : | |
| **Defendants** | : | |

### ORDER

This case arises out of a collision allegedly caused by Defendant Joseph Fletcher on September 22, 2003.  Plaintiff originally filed suit against the Defendants in the Bibb County Superior Court.  Defendants removed the case to this Court.  The matter is now before the Court on the Plaintiff's motion to remand.  Plaintiff argues that the Defendants have not met their burden to show a sufficient amount in controversy to give this Court jurisdiction over the claims presented.  The parties do not dispute a diversity of citizenship.

In response to Plaintiff's motion to remand, Defendants moved to supplement their Notice of Removal to show that the amount in controversy in fact exceeds the $75,000 jurisdictional minimum.  Defendants contend that Plaintiff failed to include in her calculation of damages an amount she will most certainly seek: lost wages for one year as Vice President of Auto Locators of Georgia.  Prior to filing suit, Plaintiff submitted a Settlement Demand in the amount of $50,599.35.  Plaintiff received medical treatment for the injuries sustained in this accident for over a year and was diagnosed with a fractured scapula.  Her medical bills to date are approximately $12,000.  Plaintiff also failed to account for any amount of punitive damages.  <u>See</u>

Bell v. Preferred Life Assurance Soc. of Montgomery, AL, 320 U.S. 238 (1943) (court must include possible punitive damages in calculating jurisdictional amount in controversy). Defendants' Motion to Supplement is GRANTED and the Court hereby incorporates the documents filed therewith as part of this case.

Based on the materials submitted by the Defendants' along with their response to the motion to remand, Defendants have shown by a preponderance of the evidence that Plaintiff's claims support a finding for an amount in controversy in excess of $75,000.  See Williams v. Best Buy, 269 F.3d 1316, 1319 (11th Cir. 2001).  The Motion to Remand is therefore DENIED.

    **SO ORDERED this 3rd day of January, 2006.**

    **S/Wilbur D. Owens, Jr.**
    **WILBUR D. OWENS, JR.**
    **UNITED STATES DISTRICT JUDGE**