**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **JOY WEBSTER, Trustee,** : | |
| : | |
| **Plaintiff** : | |
| : | |
| v. : | 5:05-CV-350 (WDO) |
| : | |
| **WESTERN EXPRESS, INC., et al.,** : | |
| : | |
| **Defendants** : | |

**ORDER**

Letty Brooker was involved in an accident on September 22, 2003 when Defendant Fletcher allegedly caused Brooker to wreck her motorcycle at the intersection of Guy Paine Road and Broadway in Macon, Georgia. A Chapter 7 bankruptcy petition was filed by Letty Brooker on July 27, 2005 in the Middle District of Georgia. A complaint was subsequently filed on August 25, 2005 in the Superior Court of Bibb County for Brooker's personal injuries. Four days later on August 29, 2005, Brooker filed her Statement of Financial Affairs in the Bankruptcy Court, wherein Brooker was instructed to "list all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case" and Brooker responded "None." On August 31, 2005, Brooker filed an amended schedule but still did not amend the Statement of Financial Affairs to list the present action as an asset for the Bankruptcy Court's consideration. On September 23, 2005, the personal injury case was removed from the Superior Court to this

1

Court. The bankruptcy case was discharged on or about November 8, 2005 with this lawsuit never having been identified for the benefit of the Bankruptcy Court or the creditors whose rights were discharged. On December 9, 2005, after her debts had been discharged, Brooker responded to Interrogatories from Defendants herein and stated that "she has not been involved in any lawsuit or claim either prior to or subsequent to this occurrence."[1] On April 24, 2006, during Brooker's deposition, she acknowledged for the first time that she had in fact filed a bankruptcy petition. The Trustee moved to reopen the bankruptcy case on April 27, 2006 to include this personal injury claim that arose prior to the filing of the bankruptcy case, and the bankruptcy case was reopened on May 19, 2006. On August 9, 2006, a motion to amend the complaint herein was filed to substitute Joy Webster, Bankruptcy Trustee, for Letty Brooker as Plaintiff. The motion was unopposed by Defendants and Webster was substituted as Plaintiff.

Defendants have moved for summary judgment arguing that judicial estoppel prevents Plaintiff from pursuing the claims in this case. Defendants requested an oral argument hearing. Plaintiff contends that judicial estoppel does not apply to bar the claim in this case because the elements of judicial estoppel are not met. After a thorough review of the record, the Court finds that a hearing is unnecessary and makes the following legal findings.

Summary Judgment is appropriate when the pleadings, depositions and affidavits submitted by the parties show no genuine issue of material fact exists and the movant is

---

[1] See Pl.'s Resp. to Defs.' Interrog. No. 11.

entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The Supreme Court has explained that the moving party's burden may be discharged "by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In Celotex, the Court held that summary judgment is appropriate against

> A party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Id. at 322-23. "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact."

In Parker v. Wendy's, the Eleventh Circuit addressed applying judicial estoppel to district court claims when a bankruptcy trustee is involved in the case. Parker v. Wendy's Intern., Inc., 365 F.3d 1268 (11th Cir. 2004). In Parker, a Chapter 7 trustee intervened in an employment discrimination case that had been brought by a plaintiff-debtor. The defendants in the discrimination case moved to dismiss arguing that the plaintiff-debtor's failure to disclose her interest in the discrimination case as an asset on her bankruptcy schedules warranted dismissal based on judicial estoppel grounds. That is, based on the inconsistent statements made by the debtor in Bankruptcy Court that she did *not* have any other assets

when she in fact had the potential asset of a discrimination claim, warranted dismissal of the case. The district court granted the motion and the court of appeals reversed finding that judicial estoppel did not apply because the party pursuing the discrimination case was not the former employee-debtor but the bankruptcy trustee who had not made any inconsistent statements to the courts that would warrant dismissal.

"Judicial estoppel is an equitable concept invoked at a court's discretion" and designed "to prevent the perversion of the judicial process." Id. at 1271 (citation omitted). "First, it must be shown that the allegedly inconsistent positions were made under oath in a prior proceeding. Second, such inconsistencies must be shown to have been calculated to make a mockery of the judicial system." Id. (citation omitted). Because the trustee was pursuing the case instead of the debtor the court held that judicial estoppel should not be applied at all. Id. at 1272.

"Generally speaking, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it." Id. (citation omitted). "Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, both tangible and intangible, vest in the bankruptcy estate upon the filing of a bankruptcy petition." Id. (citing 11 U.S.C. § 541(a)(1) (providing that the bankruptcy estate includes "all legal or equitable interest of the debtor in property as of the commencement of the case")). "Such property includes causes of action belonging to the debtor at the commencement of the bankruptcy case." Id. "Once an asset becomes part of the bankruptcy

4

estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor pursuant to § 554 of the Bankruptcy Code." Id. (citing 11 U.S.C. § 554(a)-(c)). "At the close of the bankruptcy case, property of the estate that is not abandoned under § 554 and that is not administered in the bankruptcy proceedings remains the property of the estate." Id. (citing 11 U.S.C. § 554(d)). "Failure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate." Id. (citations omitted).

The court of appeals found that the plaintiff's discrimination claim "became an asset of the bankruptcy estate when she filed her petition. Reynolds, as trustee, then became the real party in interest in [the] discrimination suit. He [never abandoned the] discrimination claim and he never took an inconsistent position under oath with regard to this claim. Thus, Reynolds [could not be] judicially estopped from pursuing it." Id. See also Pavlov v. Ingles, 2007 WL 1649099 (11th Cir. June 6, 2007) (in a case where there had been no appearance of a bankruptcy trustee, judicial estoppel was properly applied to bar claims in district court not disclosed in bankruptcy court). Although the court held that judicial estoppel was not properly applied to a case pursued by a trustee, the court did address the possibility of a situation where a trustee recovers more than necessary to satisfy all creditors and the costs and fees incurred in the Bankruptcy Court. The court noted that in that situation "perhaps judicial estoppel could be invoked by the defendant to limit any recovery to only that amount and prevent an undeserved windfall from devolving on the non-disclosing debtor." Id. n.4. But see In re Phelps, 329 B.R. 904, 908 (M.D. Ga. 2005) (bankruptcy court recognizing

5

possible problem with application of partial judicial estoppel in that it may result in "unequal treatment of parties under the law"); Hon. James D. Walker, Jr. & Amber Nickell, Judicial Estoppel and the Eleventh Circuit Consumer Bankruptcy Debtor, 56 Mercer L. Rev. 1115 (2005) (discussing this concept at greater length).

Pursuant to Parker, *supra*, judicial estoppel may not be applied to completely bar pursuit of the personal injury claims because the Trustee, Plaintiff Webster, has made no inconsistent positions under oath in the prior proceedings that were calculated to make a mockery of the judicial system. Defendants' motion for summary judgment is therefore DENIED WITHOUT PREJUDICE. This Court reserves jurisdiction on the issue of whether Brooker is judicially estopped from recovering damages in excess of any amount the Bankruptcy Trustee may recover on behalf of the creditors. See Stephens v. Hoffmann-La Roche, Inc., 2006 WL 3694644, *2 (M.D. Fla. Dec. 13, 2006) (also denying defendants' motion for summary judgment on judicial estoppel grounds and reserving issue of partial judicial estoppel for later review).[2]

**SO ORDERED this 19th day of July, 2007.**

**S/
WILBUR D. OWENS, JR.
UNITED STATES DISTRICT JUDGE**

---

[2] Two proofs of claim have been filed in the Bankruptcy Court since Brooker's case was reopened: (1) by the Crawford County Tax Commissioner for $2,359.57 and (2) by the Internal Revenue Service for $33,727.75.