IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JOY WEBSTER, Trustee,           :
                                :
    Plaintiff                   :
                                :
    v.                          :     5:05-CV-350 (WDO)
                                :
WESTERN EXPRESS, INC.,          :
CONTINENTAL CASUALTY COMPANY:
and JOSEPH FLETCHER,            :
                                :
    Defendants                  :

ORDER

The Court presently has pending before it Defendant Joseph Fletcher's motion for partial summary judgment (Doc. 53). Fletcher's motion is based upon Plaintiff's alleged failure to serve him with a copy of the summons and complaint. Plaintiff responds that service of the complaint on Fletcher's father was effective and timely service, and if it was not, Fletcher has waived his insufficiency of service defense. Plaintiff also argues that after being served with a copy of Fletcher's pending motion that she subsequently served Fletcher with the summons and complaint. The Court finds that service on Fletcher's father was not effective service on Fletcher and that Fletcher has not waived his insufficiency of service defense. Furthermore, even assuming that Plaintiff has finally served Fletcher, the Court finds that such service was well beyond the statute of limitations and that this late service does not relate back to the filing of the complaint. Accordingly, Plaintiff's claims are barred by the statute of limitations, and Defendant Fletcher's motion is granted for this reason.

FACTUAL BACKGROUND

1

Letty Brooker was involved in an accident on September 22, 2003 when Defendant Joseph Fletcher allegedly caused Brooker to wreck her motorcycle at the intersection of Guy Paine Road and Broadway in Macon, Georgia. A Chapter 7 bankruptcy petition was filed by Brooker on July 27, 2005 in the Middle District of Georgia. A complaint was subsequently filed on August 25, 2005 in the Superior Court of Bibb County for Brooker's personal injuries. On September 23, 2005, the personal injury case was removed from the Superior Court to this Court. On April 24, 2006, during Brooker's deposition, she acknowledged that she had filed a bankruptcy petition. The Trustee thereafter moved to reopen the bankruptcy case on April 27, 2006 to include this personal injury claim that arose prior to the filing of the bankruptcy case, and the bankruptcy case was reopened on May 19, 2006. On August 9, 2006, a motion to amend the complaint herein was filed to substitute Joy Webster, Bankruptcy Trustee, for Letty Brooker as Plaintiff. The motion was unopposed by Defendants and Webster was
substituted as Plaintiff.

Plaintiff initially served Defendant's father with a copy of the summons and complaint but failed to serve Defendant Fletcher. In her complaint, Plaintiff stated that Fletcher was a resident and citizen of Alabama and could be served at 5520 Frankfort Road, Tuscumbia, Alabama, or at 22277 A1 Highway 101, Lot 17, Town Creek, Alabama. However, at the time of the filing of this action, Fletcher did not reside at either of those addresses. (J. Fletcher Aff.¶7 (Doc. 53-3)). On September, 6, 2005, a copy of the summons and complaint were served on Fletcher's father, Willie Fletcher, at 5520 Frankfort Road, Tuscumbia, Alabama. (J. Fletcher Aff. ¶6; W. Fletcher Aff. ¶4 (Doc. 53-

2)). When the process server arrived to serve the summons and complaint, she asked for "Mr. Fletcher," to which Mr. Willie Fletcher responded he was "Mr. Fletcher" and took the documents. (W. Fletcher Aff. ¶5-9). Mary Bevil, the process server, stated in her affidavit that she served the complaint on "a male who identified himself in response to my inquiry as 'Joseph Fletcher'"). (Bevil Aff.¶6-8 (Doc. 67-3)). On September 21, 2005 the defendants filed their Answer. In Fletcher's 6th and 7th Affirmative Defenses, he asserted that service of process was insufficient and that Plaintiff's claim is therefore barred. The statute of limitations for Plaintiff's personal injury claims ran on September 22, 2005. See O.C.G.A. § 9-3-33. As of the date that the pending motion was filed, which was nearly two years after Defendant first advised Plaintiff of the insufficiency of service, and nearly two years after the statute of limitations has run, Defendant Fletcher still had not been served. (J. Fletcher Aff. ¶ 3, 5). However, Plaintiff now contends that after receiving a copy of the pending motion, he subsequently served Fletcher. For purposes of the present motion, the Court construes all of the facts and reasonable inferences in favor of Plaintiff and thus assumes that Fletcher has now been served. Construing those facts in favor of Plaintiff establishes that Plaintiff finally served Fletcher on July 14, 2007 (Doc 67-2, Ex. D) while the statute of limitations for Plaintiff's claim expired on September 22, 2005. Therefore, the issues before the Court are: (1) whether Plaintiff's initial service on Fletcher's father was effective service on Defendant Fletcher; (2) if service on Fletcher's father was not effective service, whether Defendant waived his insufficiency of service defense; and (3) whether Fletcher's claims are now barred by the statute of limitations even though she has finally served Defendant Fletcher with the summons and complaint.

### Summary Judgment Standard

3

Summary Judgment is appropriate when the pleadings, depositions and affidavits submitted by the parties show no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The Supreme Court has explained that the moving party's burden may be discharged "by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In Celotex, the Court held that summary judgment is appropriate against

> A party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Id. at 322-23. "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact."

DISCUSSION

To decide the pending motion, the Court must determine (1) whether the timely service on Fletcher's father was effective service on Fletcher; (2) if this was not effective service on Fletcher whether Fletcher waived his insufficiency of service defense; and (3) whether Plaintiff's recent service on Fletcher relates back to the date that Plaintiff's complaint was filed such that Plaintiff's claim is not barred by the applicable statute of limitations. The resolution of these issues is complicated to some degree because of the interplay between state and federal law in this case where jurisdiction is based upon

4

diversity of citizenship.

**Service on Fletcher's Father**

Plaintiff contends that service on Fletcher's father on September 6, 2005, which was within the statute of limitations, was effective service on Fletcher. Since this service was made prior to removal, state law determines whether service was effective. *See* Rule 81(c), FED. R. CIV. P. In this case, Georgia law required that service be made on "defendant personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process." O.C.G.A. § 9-11-4(e)(7).[1]

Plaintiff acknowledges that Defendant Fletcher was not personally served on September 6, 2005. Plaintiff argues, however, that service upon Fletcher's father satisfied the service requirement that the summons and complaint could be left "at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." While Fletcher's father may have been of suitable age and discretion, the undisputed evidence establishes that the place of service was not Fletcher's dwelling house or usual place of abode. Plaintiff has produced no evidence that Fletcher lived at his father's house where the complaint was served. The affidavit of Plaintiff's process server, stating that she served someone whom she understood to be

---

[1]This Georgia statutory provision tracks the language of Rule 4(e) of the Federal Rules of Civil Procedure, and therefore, there is no conflict between state and federal law in this case as to who shall be served.

Joseph Fletcher, does nothing to dispute Joseph Fletcher's affidavit that he was in fact never served, and did not reside at that location. The undisputed evidence establishes that Fletcher was not personally served on September 6, 2005, that he was not residing at his father's house on that date and that his father's house was not his usual place of abode. Therefore, service of the summons and complaint on Fletcher's father was not effective service on Fletcher. *See* Terrell v. Porter, 189 Ga. App. 778, 779, 377 S.E.2d 540 (1989) ("A copy of the summons and complaint left with a relative at a place other than appellee's residence or usual place of abode is not sufficient service.")

### *Waiver of Service Defense*

Plaintiff contends that Defendant Fletcher's participation in the lawsuit creates a waiver of his insufficient service argument. Since this conduct occurred after the case was removed to federal court, this issue must be resolved under federal law. The Court finds that under both federal and Georgia law Fletcher's conduct does not authorize a waiver of the insufficiency of service defense. Plaintiff is correct that even if a defendant has preserved the defense by reciting it in an answer, if that defendant substantially participates in the litigation without actively pursuing the insufficient service defense, a defendant can waive that defense. Matthews v. Brookstone Stores, Inc., 431 F. Supp.2d 1219, 1226 (S.D. Ala. 2006) (personal jurisdiction defense not waived where defendant was a "largely passive player" in the case from the time of its first appearance until the filing of its Motion to Dismiss, where defendant sought no substantive relief from the court before filing its motion to dismiss, and where defendant did not notice or take a deposition, did not propound discovery requests and at most attended and participated in discovery depositions noticed by other parties) (citations omitted). Although Fletcher may have

6

participated in discovery and made certain motions in the trial court, he preserved the defense by specifically raising it in his answer. Clark v. City of Zebulon, 156 F.R.D. 684, 694 (N.D. Ga. 1993)(defendant did not waive defense of insufficiency of service by entering into settlement negotiations, seeking and receiving an extension of time in which to file its answer without reserving the defense, actively participating in discovery after filing its responsive pleadings, or participating in drafting joint statements to be filed with the court pursuant to the Local Rules because the "defendant clearly reserved the defense in its first responsive pleading" and "gave the plaintiff clear notice that the sufficiency of service of process was being contested"). See also CBS Broadcasting v. Primetime 24 Joint Venture, 48 F. Supp.2d 1342, 1360 (S.D. Fla. 1998) ("Waiver is the intentional and voluntary relinquishment of a known right or privilege. . . . To support a waiver defense, [a party asserting the same] must show that [the party against whom it is asserted] acted in a manner that could reasonably be construed as an intent to abandon its rights.").

Even though Defendant Fletcher has participated in several motions filed in this case, that is not sufficient to waive his insufficient service defense. Defendant Fletcher's participation in the case thus far has been contesting Plaintiff's motion to remand, responding to Plaintiff's motion to compel discovery, responding to Plaintiff's motion to strike, Defendants' moving for dismissal of this case based on Plaintiff's failure to list this case in her bankruptcy case, participating in a deposition, and participating in standard discovery. After analyzing the particular facts and circumstances of this case, it cannot be said that Defendant Fletcher engaged in conduct so manifestly indicative of an intention to relinquish his insufficient service defense that no other reasonable explanation of its conduct is possible.

### *Subsequent Late Service and the Statute of Limitations*

Plaintiff finally served Defendant Fletcher on July 18, 2007 (Doc 67-2, Ex. D) in response to the pending motion, 22 months after the statute of limitations expired on September 22, 2005. Plaintiff's claim is clearly barred by the statute of limitations, unless this late service relates back to the filing of the original complaint.

"In a diversity action, state law statutes of limitations and commencement of actions rules are considered substantive rules and are applicable in federal court." Roberts v. Jones, 390 F. Supp.2d 1333, 1334 (M.D. Ga. 2005) (citing Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); Cambridge Mutual Fire Ins. Co. v. City of Claxton, 720 F.2d 1230 (11th Cir.1983)).

> Under the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), a federal court in a diversity action must apply the controlling substantive law of the state. In Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), the Supreme Court held that state statutes of limitations are substantive laws and must be followed by federal courts in diversity actions. In Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949), the Supreme Court held that a Kansas statute rather than Rule 3 of the Federal Rules of Civil Procedure dictated the commencement date of the suit for purposes of determining whether the statute of limitations was tolled. The state statute, which provided for commencement of a suit upon service of process, controlled because it was an integral part of the state statute of limitations. Id. at 534, 69 S.Ct. at 1235. According to the Supreme Court, a state created cause of action "accrues and comes to an end when local law so declares. Where local law qualifies or abridges it, the federal court must follow suit. Otherwise, there is a different measure of the cause of action in one court than in the other, and the principle of Erie R. Co. v. Tompkins is transgressed." Id. at 532, 69 S.Ct. at 1235. The Supreme Court reaffirmed its holding in Ragan in Walker v. Armco Steel Corp., 446 U.S. 740, 748, 100 S.Ct. 1978, 1984, 64 L.Ed.2d 659 (1980), which it described as indistinguishable from Ragan. In Walker, the Court stated that "there is no indication that ... Rule [3] was intended to toll a state statute of limitations, much less that it purported to displace state tolling rules for purposes of state statutes of limitations." 446 U.S. at 750-51, 100 S.Ct. at 1985, 64 L.Ed.2d 659.

Cambridge, 720 F.2d at 1232. Accordingly, Georgia law controls the question of whether Plaintiff's late service relates back to the date that the suit was originally filed for purposes of the statute of limitations.

"Georgia law, like federal law, states that an action is commenced with the filing of the complaint with the court." Roberts, 390 F. Supp.2d at 1334-35 (citing O.C.G.A. § 9-11-3; FED.R.CIV.P. 3). "The Georgia statute is limited, unlike the federal rule, by the next statute which impacts the running of the statute of limitations." Id. at 1335. Pursuant to O.C.G.A. § 9-11-4(c), service is to made within five days of the filing of the complaint. "Georgia cases interpreting the language of O.C.G.A. §§ 9-11-3 and 9-11-4 state that the filing of the complaint does not toll the statute of limitations unless the plaintiff exercises diligence and ensures the complaint is served 'as quickly as possible.'" Id. (citing Childs v. Catlin, 134 Ga. App. 778, 216 S.E.2d 360 (1975)). "Filing is still not the commencement of suit unless followed by service within a reasonable time, but once service is perfected upon a defendant, it will relate back to the original date of the filing which will be considered the date of the commencement of the law suit." Id. (citing Franek v. Ray, 239 Ga. 282, 285-86, 236 S.E.2d 629 (1977)). See also Cambridge, 720 F.2d at 1233 (same). "It is the plaintiff's responsibility to ensure timely service." Id. (citing Deal v. Rust Engineering Co., 169 Ga. App. 60, 311 S.E.2d 499 (1983)). "Where the statute of limitations runs between the date of filing and the date of service, the plaintiff must be especially diligent in perfecting service as soon as possible." Id. (citing Zeigler v. Hambrick, 257 Ga. App. 356, 571 S.E.2d 418 (2002)).

> Under Georgia law, there are essentially three rules governing service of process in cases where the statute of limitations has expired. First, if service

> is made within five days after the statute expires, service will relate back to the timely filing. O.C.G.A. § 9-11-4(c); <u>Williams v. Colonial Ins. Co.</u>, 199 Ga. App. 760, 406 S.E.2d 99 (1991). This rule does not apply [when] there is no evidence that any of the movants were served within the "safe harbor" of § 9-11-4(c). The second rule allows a court more discretion. If service is not perfected within the five-day period, but some action is taken, and the plaintiff makes a showing that he acted reasonably and diligently to insure service was made as quickly as possible, service may relate back to the timely filing of the complaint. <u>Busby v. Webb</u>, 247 Ga. App. 781, 545 S.E.2d 132 (2001). The plaintiff's diligence is measured from the date the complaint was filed, not the date the statute of limitations runs. <u>Georgia Farm Bureau Mutual Ins.Co. v. Kilgore</u>, 216 Ga. App. 384, 454 S.E.2d 587 (1995), *aff'd*, 265 Ga. 836, 462 S.E.2d 713 (1995). Further the burden is on the plaintiff to show that failure to perfect service within the five days was not the plaintiff's fault. <u>Busby v. Webb</u>, 247 Ga. App. 781, 545 S.E.2d 132 (2001). The third rule governs where the five day grace period has expired and plaintiff has failed to show that he diligently tried to serve defendant. In this case, the court must dismiss the case. <u>Anderson v. Hughes</u>, 196 Ga. App. 186, 395 S.E.2d 623 (1990).

<u>Id.</u> at 1335 ("Plaintiffs actions to serve Defendants by seeking waiver of service pursuant to Rule 4 within 25 days of filing the complaint was reasonable and diligent."). <u>See</u> also <u>Ingram v. Grose</u>, 180 Ga. App. 647, 350 S.E.2d 289, 290 (1986) ("Where service is made after the expiration of the applicable statute of limitation, the timely filing of the complaint tolls the statute only if 'the plaintiff shows that he acted in a reasonable and diligent manner in attempting to insure that a proper service was made as quickly as possible.'").

In this case, Fletcher raised insufficiency of service as a defense in his answer to Plaintiff's complaint. Nevertheless, Plaintiff made no further efforts to perfect service until recently when she was served with the pending motion. "Once the plaintiff becomes aware of a problem with service, his duty is elevated to an even higher duty of the greatest possible diligence to ensure proper and timely service." <u>Ballenger v. Floyd</u>, 282 Ga. App. 574, 575-76, 639 S.E.2d 554, 555 (2006) (citing <u>Harris v. Johns</u>, 274 Ga. App. 553, 554, 618 S.E.2d 1 (2005)). Defendant Fletcher's answer "asserting insufficiency of service

put [Plaintiff] on notice and she was then required to exercise the greatest possible diligence to ensure proper and timely service." Id. at 575-76, 556 (citation omitted).

During the discovery in this case, Fletcher alerted Plaintiff of his true residence and place of abode where he could be served. In his deposition on April 25, 2006, Fletcher testified that he then resided at 3202 Huntsville Rd., Florence, Alabama, and had been residing there since August of 2005. (Fletcher's Dep. at 7 (Doc. 53-4)). Nevertheless, Plaintiff made no further efforts to perfect service. The fact that other parties to the case, Fletcher's employer and his employer's insurer, received proper service is not dispositive of whether Defendant Fletcher received sufficient service. Devoe v. Callis, 212 Ga. App. 618, 442 S.E.2d 765 (1994) (finding no support for placing obligation on adverse party's liability insurance carrier to volunteer such information absent any request).

Where, as here, the statute of limitations expired between the date of filing of the complaint and the date of service, the plaintiff was required to be especially diligent in perfecting service as soon as possible. It was therefore the plaintiff's responsibility to ensure timely service, and in that the plaintiff failed completely. The plaintiff made no showing whatsoever that she acted reasonably and diligently to insure service was made as quickly as possible. Therefore, Plaintiff's late service on Fletcher does not relate back to the date that the complaint was filed. Accordingly, Plaintiff's claims against Fletcher are barred by the statute of limitations.[2]

---

[2]The Court notes that this result under state law does not directly collide with any

CONCLUSION

Based on the foregoing, Defendant Joseph Fletcher's motion for partial summary judgment is GRANTED and he is dismissed from this case. Defendant Fletcher's motion for oral argument on his motion for partial summary judgment is therefore DISMISSED AS MOOT. The case shall otherwise proceed against the remaining defendants.

SO ORDERED this 21st day of September, 2007.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

cf

---

provision of federal law. While the Federal Rules do provide a plaintiff in federal court with 120 days to serve a complaint instead of the more restrictive five-day rule under Georgia law, Plaintiff in this case did not even serve Fletcher within the 120 days provided under Rule 4(m) of the Federal Rules.